SAINT JEAN SUGAR COMPANY, PLAINTIFF AND APPELLANT, *v.* FIGUEROLA, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Humacao in a Petition for a Writ of Injunction.

No. 1948.—Decided May 27, 1919.

INJUNCTION—CONTRACT.—When a party, alleging damages by the breach of a verbal agreement for the milling of sugar cane, applies for an order restraining the sale and delivery of sugar cane to a rival mill and compelling the specific enforcement of said agreement, he must show a clear right to such extraordinary relief.

The facts are stated in the opinion.

*Mr. Lorenzo Jiménez García* for the appellant.

*Mr. Francisco González* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

In a proceeding based on an alleged cane-grinding contract and instituted by the Central Saint Jean to restrain the delivery of certain cane to a competing mill and to compel the specific performance of the alleged grinding contract, the court below, holding that in order to justify the relief sought complainant must show a clear right thereto, found that the essential averments of the petition had not been satisfactorily established by the evidence and dismissed the suit.

Appellant insists that the court improperly regarded the contract relied on as having been rescinded, and that the judgment is contrary to the evidence.

Only two witnesses testified for complainant: Its agent and attorney in fact, and the respondent. The defense in troduced no evidence, but adopted as its own the testimony of respondent as a witness for complainant. The answer set up a sale of the cane and a breach by the purchaser. The testimony of the attorney in fact of appellant tended to show a cane-grinding contract, as alleged in the complaint. The other witness testified to a simple agreement of purchase and sale after inspection and test of the cane, together with an unconditional provision for delivery during the month of March and a refusal to accept such delivery. The only documentary evidence in the case, consisting of certain correspondence subsequent to the original verbal notice given by complainant to respondent to suspend cutting and delivery, is not wholly incompatible with the theory of the defense which, as already pointed out, is supported by the testimony of the respondent as a witness for complainant.

The law regulating "Contracts of Advances for Agricultural Purposes and Grinding of Cane, and for other Purposes," gives to the central various privileges and advantages not enjoyed by the purchaser under an ordinary contract of purchase and sale. Grinding contracts, if reduced to writing, are eligible to record, whether evidenced by public or private document, are by the express terms of the statute susceptible of enforcement by judicial mandate and must contain "the terms and conditions stipulated by the parties."

The embodiment of such terms and conditions in a written memorandum is a very simple matter, and we agree with the trial judge that when the central applies for an order restraining the sale and delivery of cane to a rival mill and compelling the specific enforcement of an alleged oral agreement for the grinding of cane, it must show a clear right to such extraordinary relief.

In the case at bar, after a careful examination of the

whole record, we find no such manifest error as to require a reversal of the judgment appealed from, which must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.